TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 22-301 |
|  | : |  |
| of | : | April 7, 2022 |
|  | : |  |
| ROB BONTA | : |  |
| Attorney General | : |  |
|  | : |  |
| MARC J. NOLAN | : |  |
| Deputy Attorney General | : |  |

MICHAEL SEAN WRIGHT, a registered voter and resident of Orange County and the Orange County Department of Education's Fourth District, has applied to this office for leave to sue TIM SHAW in quo warranto to remove him from his public office as a member of the Orange County Board of Education representing the Department of Education's Fourth District. The application asserts that the Board of Education invalidly appointed Shaw to a vacancy on the Board in violation of Government Code section 1752(a) and the common law prohibition against self-appointments.

We conclude that there is a substantial legal issue as to whether Shaw's appointment to the Orange County Board of Education was lawful. Consequently, and because the public interest will be served by allowing the proposed quo warranto action to proceed, the application for leave to sue is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Orange County Department of Education supports and oversees the finances of 28 school districts, which collectively serve more than 600 schools and approximately 475,000 students within Orange County. The Department is governed by the Orange County Board of Education, which consists of five members who represent the five geographical trustee areas of the county.

In the March 3, 2020, primary election, Shaw was elected to a four-year term on the County Board of Education representing the County Department of Education's

1

Fourth District, and he was sworn into that office at the Board meeting held on July 1, 2020. In the November 3, 2020, general election—while already serving as a member of the Board of Education—Shaw was elected to a four-year term on the La Habra City Council, and he was sworn into that office on December 21, 2020.[1]

We subsequently received a quo warranto application contending that the offices of Orange County Board of Education member and La Habra City Council member are incompatible public offices, such that Shaw forfeited his seat on the Orange County Board of Education by assuming office on the La Habra City Council.[2] We concluded that there was a substantial legal question as to whether Shaw was simultaneously holding two incompatible public offices in violation of Government Code section 1099, and we granted the application for leave to sue Shaw in quo warranto on October 29, 2021.[3]

Shortly after we granted leave to sue, Shaw resigned his seat on the County Board of Education. He subsequently resigned his seat on the La Habra City Council, as well. Then, on December 21, 2021, the County Board of Education appointed Shaw to fill the vacant seat created by his earlier resignation. We are informed that this appointment runs until a June 2022 special election to fill the remainder of the term, and that Shaw is running in that election.

On January 28, 2022, Wright challenged Shaw's appointment to the County Board of Education in a petition for writ of mandate and declaratory relief filed in the Orange County Superior Court (Case No. 30-2022-01243638-CU-WM-CJ). In that action, Wright sought to have Shaw's appointment declared null and void for several reasons, including the grounds he now raises in the present quo warranto application—i.e., that Shaw's appointment to the vacant seat created by his resignation violated Government Code section 1752(a) and the common law prohibition against self-appointments. Wright also sought a preliminary injunction ordering a special election to fill the County Board of Education seat putatively occupied by Shaw. Shaw opposed this request and argued that the relief Wright sought could only be pursued in quo warranto since, according to Shaw, the core question of the lawsuit was title to public office. In addition, Shaw argued that his appointment was lawful and that, for various reasons, Government Code section 1752 and the common law prohibition against self-appointments did not apply to the circumstances of his appointment.

---

[1] The City of La Habra lies within the County Department of Education's Fourth District.

[2] Upon a finding that two offices are legally incompatible, "a public officer shall be deemed to have forfeited the first office upon acceding to the second." (Gov. Code, § 1099(b).)

[3] 104 Ops.Cal.Atty.Gen. 58 (2021).

22-301

On March 2, 2022, Wright filed the current quo warranto application as a protective matter in case the superior court in the mandate and declaratory relief action might decide that quo warranto was the exclusive remedy to challenge Shaw's title to office.

On March 9, 2022, the superior court issued an order denying Wright's request for a preliminary injunction, ruling that quo warranto is Wright's exclusive remedy under the circumstances. For that reason, the court did not undertake to decide the substantive legal question of whether Shaw's appointment was lawful.

On March 17, 2022, Shaw filed his opposition to the quo warranto application. He contends, among other things, that his appointment was lawful and that we should deny Wright's application in any event because the issue of the validity of his appointment will soon become moot by the election to be held in June 2022 for the seat to which Shaw was appointed.

On March 18, 2022, Wright filed his reply to Shaw's opposition, completing the briefing on Wright's quo warranto application.

## ANALYSIS

Quo warranto is a civil action used, among other purposes, to challenge an incumbent public official's right or eligibility to hold a given public office. This form of action is codified in section 803 of the Code of Civil Procedure, which provides that "[a]n action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."

Where, as here, a private party seeks to pursue a quo warranto action in superior court, that party must first apply for and obtain the Attorney General's consent. In determining whether to grant that consent, we do not attempt to resolve the merits of the controversy. Rather, we consider (1) whether quo warranto is an available and appropriate remedy; (2) whether the applicant has raised a substantial issue of law or fact that warrants judicial resolution, and (3) whether authorizing the quo warranto action will serve the public interest.[4] Here, we conclude that all three conditions are satisfied.

*First*, quo warranto is an available and appropriate remedy here as Wright's core contention is that Shaw—via an appointment alleged to be unlawful and invalid—is

---

[4] 104 Ops.Cal.Atty.Gen., *supra*, at pp. 59-60; see *Rando v. Harris* (2014) 228 Cal.App.4th 868, 878-879.

unlawfully usurping, intruding into, and/or holding public office on the County Board of Education.[5]

*Second*, there is a substantial issue as to whether Shaw was lawfully appointed to the County Board of Education. As relevant here, Government Code section 1752(a) provides that "no person elected or appointed to the governing body of any city, county, or district having an elected governing body, shall be appointed to fill any vacancy on that governing body during the term for which he or she was elected or appointed." Wright contends that the clear terms of the statute apply in these circumstances because Shaw, after resigning from the County Board during the term for which he was elected, was appointed back onto the County Board *during that same term*. For his part, Shaw counters that the County Board is not a "governing body" within the meaning of section 1752, and that the legislative intent behind the statute was to cover situations (unlike Shaw's) where an official's appointment had the effect of extending the official's original term. We do not reach the merits of these arguments, but we conclude that there is at least a substantial question, warranting a conclusive judicial resolution, about whether section 1752 applies to the facts presented here.

Likewise, the parties differ on the related question of whether Shaw's appointment violates the common law doctrine against self-appointments. In arguing that the common law also prohibits Shaw's appointment, Wright relies on our previous observations that Government Code section 1752 "essentially codifies the doctrine against self-appointments,"[6] and that a public officer may not avoid the common law doctrine by first resigning the original term for which the officer was appointed or elected.[7] As with his statutory argument, Shaw contends that the common law doctrine does not prohibit his appointment because that doctrine has been construed to apply only where the challenged appointment extended the official's original term, a circumstance which did not happen here. As above, we do not resolve the merits of these competing arguments, but we believe they raise substantial questions of law that warrant judicial resolution.

*Third*, it is in the public interest to have a court determine the legal validity of Shaw's appointment. Shaw maintains that there is only a relatively short time between now and the June 2022 election and argues that the election will moot issues surrounding his appointment. But we believe that the superior court should at least have the opportunity to resolve this matter before the election; it may well be able to render a ruling before the election, possibly in the context of the already-filed mandate action. Further, the validity of the appointment process employed here is a question of public importance that would benefit from judicial review. In sum, the public interest favors a

---

[5] See Code Civ. Proc., § 803.

[6] 76 Ops.Cal.Atty.Gen. 254, 259 (1993).

[7] See 23 Ops.Cal.Atty.Gen. 75, 77 (1954); see also 73 Ops.Cal.Atty.Gen. 357, 359 (1990).

4

22-301

judicial resolution of an important question already presented to—and argued before— the superior court in the related mandate action.

For these reasons, the application for leave to sue in quo warranto is GRANTED.